UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LUIS ERNESTO FUENTES-MARTINEZ, *Petitioner* | § § § | |
| v. | § § | Case No. SA-26-CA-00403-XR |
| BOBBY THOMPSON, WARDEN, SOUTH TEXAS DETENTION CENTER; MIGUEL VERGARA, ACTING/DIRECTOR OF THE SAN ANTONIO FIELD OFFICE U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; TODD M. LYONS, ACTING DIRECTOR OF IMMIGRATION CUSTOMS ENFORCEMENT; KRISTI NOEM, SECRETARY OF THE U.S. DEPARTMENT OF HOMELAND SECURITY; AND PAMELA BONDI, ATTORNEY GENERAL OF THE UNITED STATES; *Respondents* | § § § § § § § § § § § § § § § § | |

**ORDER DISMISSING WITHOUT PREJUDICE**

On this date, the Court considered the status of this case. Petitioner is a noncitizen currently detained by Immigration and Customs Enforcement. He filed this Petition for a Writ of Habeas Corpus on January 23, 2026, challenging his detention. ECF No. 1. He argued that he did not have a final order or removal and could not be detained under the statutes applicable to someone without such an order. *See id.* On February 5, 2026, the Court granted the Petition on that basis. ECF No. 6.

The following day, Respondents moved to stay Petitioner's release and for the Court to reconsider its order. ECF Nos. 8–9. Respondents informed the Court that they initially received the wrong person's immigration documents in association with this case and that Petitioner, in fact, has a reinstated order of removal. ECF No. 9. As such, Respondents argued, Petitioner's

detention is mandatory under 8 U.S.C. Section 1231(a)(6), which applies to noncitizens with final orders of removal.  *Id.*

In response to the Motion to Reconsider, Petitioner acknowledges that he has a reinstated order of removal and that this habeas petition is not the proper means to challenge that order or Petitioner's detention at this time.  ECF No. 10.  Petitioner assures the Court—and the Court has no reason to doubt—that the Petition was brought in good faith.  Petitioner was injured when he was apprehended, and his counsel was unable to speak with him for a time.  Further, Petitioner did not have access to his prior immigration-related documents and did not have a clear understanding of the legal consequences of his prior immigration history.  *Id.*

Because Petitioner acknowledges that this Petition is not the proper means to challenge his detention in light of the reinstated order of removal, the Court **VACATES** its prior order (ECF No. 6) and prior final judgment (ECF No. 7) and **DISMISSES** this case **WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(a)(2).

Respondents' Motion for Reconsideration (ECF No. 9) is **MOOTED.**

A final judgment will issue separately.

It is so **ORDERED**.

**SIGNED** this 25th day of February, 2026.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　XAVIER RODRIGUEZ
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE